FILED
SUPERIOR COURT
OF GUAM

2013 NOV 27 AM 1: 05

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,                )        CRIMINAL CASE NO. CF0663-12
                                   )
                                   )
        vs.                        )
                                   )            ORDER
                                   )
ROQUE JOHN VILLAGOMEZ              )
MANTANONA,                         )
                                   )
            Defendant.        )

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion and Memorandum of Points and Authorities to Dismiss First Charge in the Indictment: Kidnapping. Roque John Villagomez Mantanona ("Defendant") is represented by Assistant Public Defender Maria G. Fitzpatrick. The People of Guam ("The People") are represented by Assistant Attorney General Brian D. Gallagher.

On February 27, 2013, Defendant was indicted on charges of Kidnapping (As a Second Degree Felony), Special Allegation Possession and Use of a Deadly Weapon in the Commission of a Felony, Assault (As a Misdemeanor), and Family Violence (As a Misdemeanor). On July 24, 2013, Defendant filed Motion and Memorandum of Points and Authorities to Dismiss First Charge in the Indictment: Kidnapping ("Motion to Dismiss"). The People filed Opposition to Defendant's Motion to Dismiss ("Opposition") on October 15, 2013. Defendant filed Reply in Support of Motion to Dismiss First Charge in the Indictment: Kidnapping ("Reply") on October 17, 2013.

Title 8 GCA § 65.15 states that "[a]ny defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion." 8 GCA § 65.15 (2013). To explain its minimum requirements the Court looks to the requirements

imposed upon other papers and motions. The majority of all other motions brought before the Superior Court are regulated by GRCP 7. GRCP 7 provides that a motion "shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. . . ." GRCP 7(b)(1). Interpreting this rule, the Guam Supreme Court has held that a party's failure to assert the grounds for its request may warrant denial. See In re Estate of Concepcion, 2003 Guam 12 ¶ 27. The Supreme Court of Guam ("Supreme Court"), in *Lamb v. Hoffman*, 2008 Guam 2 *("Lamb I")*, held that "[i]n order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law: It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments , and then search for authority either to sustain or reject his position.'" *Id.* at ¶ 35 (citation omitted). Upon review of the Supreme Court's decision in *Lamb I* and the facial requirements of GRCP 7, the Court finds that Supreme Court's interpretation of *Lamb I* applies equally to criminal motions.

In the present case, there are conflicting reports of the duration of the confinement. Defendant argues the confinement lasted seconds while the People argue it lasted less than five minutes. Additionally, Defendant argues that no evidence was presented to the Grand Jury regarding the duration in which Victim was confined. Defendant argues, absent this information, the Grand Jury could not determine whether the isolation was significant enough to charge kidnapping rather than felonious restraint.

While the Court recognizes Defendant's contention that there was no evidence presented to the Grand Jury regarding the possible duration or facts surrounding the confinement, the Court notes Defendant has not met the minimum moving requirements of a written motion as stated in *Lamb I*. Notwithstanding the procedural requirements discussed, the Court accepts

Defendant's motion as filed. Therefore, the Court gives the Government until December 5, 2013, to file an affidavit or declaration confirmed under oath showing that the Grand Jury received evidence regarding the duration of the confinement and its nature.

**SO ORDERED this** $\underline{23}$ **of November 2013.**

_____
HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 25 2013

Edna M. Nego
_____
Deputy Clerk, Superior Court of Guam

*People v. Mantanona*
Order
Criminal Case No. CF0663-12